Public Utilities Commission,
No. 5210.

EXETER & HAMPTON ELECTRIC CO.

*v.*

ARCHIBALD B. HARDING & *a.*

Argued March 3, 1964.
Decided March 31, 1964.

*Sulloway, Hollis, Godfrey & Soden* and *Arthur W. Mudge, II* (*Mr. Mudge* orally), for the plaintiff.

*Wayne J. Mullavey* and *Edward E. Williams* (*Mr. Williams* orally), for the defendants.

WHEELER, J. The pertinent part of the statute (RSA 371:1) under which the plaintiff acquired an easement in the defendants' land provides: "Whenever it is necessary, in order *to meet the*

*reasonable requirements of service to the public,* that any public utility should construct a line . . . across the land of another . . . and it cannot agree with the owners of such land or rights as to the necessity or the price to be paid therefor, such public utility may petition the public utilities commission for such rights and easements, or for permission to take such lands or rights, as may be needed for said purposes." (Emphasis supplied).

The defendants contend that there is no evidence that the land taken was for a public use, but rather was for a private use and therefore in violation of *Art.* 12th, Pt. I, N. H. Constitution.

In determining the issue the burden of proof is upon the defendants ". . . to show that [the order of the Commission] is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be *prima facie* lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13.

The evidence is not in serious dispute. The land taken for the proposed right of way is a strip crossing the easterly corner of defendants' land 542 feet on center line, 100 feet wide consisting of 1.24 acres. The Commission's finding that damage should be $1,225 is not challenged here.

The immediate purpose of the proposed transmission line is to serve an expected 1200 kilowatt demand of the Sylvania Electric Co. plant now under construction on Route 101 in the easterly part of Exeter near the Stratham line. The plaintiff has made "fairly definite" budget forecasts to use the proposed transmission line to supply a substation projected for 1967 in this area which will serve the town of Stratham and part of Exeter. The line would also constitute a portion of a loop of the 33 K.V. system around the populous center of Exeter, which has become a common practice in the industry. It is not desirable to put the proposed high voltage 34,500 volt line along present distribution circuit on Portsmouth Avenue going easterly out of Exeter because of hazards to the line from heavy traffic which exists on this highway.

Four possible routes for the line were considered. The present route was chosen because it was most economical and followed a previously-acquired right of way for much if its length and

would produce a minimum of damage to the area. It was possible to go around the Harding property at about double the cost of the present right of way not including land damages.

In addition to hearing witnesses and considering various exhibits the Commission took a view which may have furnished a vital part of the evidence. *Public Service Co.* v. *Tenneriffe Development Co.,* 104 N. H. 339.

The Commission found "that the right sought by the [plaintiff] is necessary to meet the reasonable requirements of service to the public."

It is elemental law that the property of an individual cannot be taken for a wholly private use. The question to be determined is whether the proposed taking is for a public use (*Rockingham Light & Power Co.* v. *Hobbs,* 72 N. H. 531), even though it will presently serve but a single customer. It will however fit into a proposed master plan to loop the town of Exeter with high voltage transmission lines and more adequately serve anticipated demands in the future. No claim is made here that such proposed service will not be open to the public generally and of service to more than one customer. The law is clear that property may be taken not only for present demands but for uses which may be fairly anticipated in the future. *Public Service Co.,* v. *Shannon,* 105 N. H. 67. The evidence did not require a finding that the proposed line will benefit merely a single customer or that the condemnation is for private use for that reason. 2 Nichols, Eminent Domain 832. See *Rockingham Light & Power Co.* v. *Hobbs, supra.*

Considering the evidence before it we cannot say the order of the Commission permitting the condemnation is erroneous, or clearly unjust or unreasonable. RSA 541:13.

*Appeal dismissed.*

All concurred.